Sanjel v. Holder

BIA
Laforest, IJ
A088 379 644

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

_____

SANU KAJI SANJEL,
> *Petitioner*,

v.                                          11-2494
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:       Jason A. Nielson, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Assistant Attorney General; William C. Peachey, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sanu Kaji Sanjel, a native and citizen of Nepal, seeks review of a February 10, 2011, decision of the BIA, affirming the January 30, 2009, decision of Immigration Judge ("IJ") Brigitte Laforest, denying Sanjel's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sanu Kaji Sanjel*, No. A088 379 644 (B.I.A. Feb. 10, 2011), *aff'g* No. A088 379 644 (Immig. Ct. N.Y. City Jan. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may,

"[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements as well as inconsistencies between those statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination as to Sanjel's claim that Maoists threatened him and seek to harm him. In finding Sanjel not credible, the agency reasonably relied on the fact that his asylum application, his wife's letter, and his father's letter all omitted the assertion that he hid from Maoists and that the Maoists sought his whereabouts from his wife and father. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. Moreover, a reasonable fact finder would not be compelled to credit Sanjel's explanations for these omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given the omissions findings, the agency's adverse credibility determination is supported by substantial evidence and was dispositive of Sanjel's claims for asylum,

3

withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Sanjel abandons any challenge to the BIA's decision insofar as it rejected his due process claim and denied his motion to remand.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```